[No. 38340.   Department Two.   October 27, 1966.]

HELEN PRAYTOR, *Appellant*, v. KING COUNTY, *Respondent.**

*Reported in 419 P.2d 797.

*Michael R. Donovan,* for appellant.

*Charles O. Carroll, James E. Kennedy,* and *John M. Watson,* for respondent.

HAMILTON, J.—In this action appellant (plaintiff) seeks damages from respondent (defendant), King County, arising from the flooding of the crawl space beneath her residence. She asserts the flooding was caused by surface waters seeping through improperly maintained streets and defective storm sewers adjacent to her property. Respondent, on the other hand, contends the excess moisture was occasioned by poor drainage and natural accumulations of water on appellant's property. Substantial evidence supportive of both theories was adduced at trial. The jury returned a verdict for respondent. Post trial motions were denied and judgment of dismissal entered.

On appeal, appellant makes 15 assignments of error, 13 directed to instructions given or refused, and the remaining 2 to the denial of her post trial motions and the entry of judgment. We conclude that the trial court erred in refusing to grant appellant's motion for new trial upon the grounds of newly discovered evidence. We reach this conclusion for the following reason.

A vital and crucial issue in the case was the condition of a cement catch basin in the storm sewer system located across the street from appellant's premises. According to the evidence and the unrefuted affidavits of appellant's experts, this catch basin was some 5 feet in depth, had been in place for several years, and had an accumulation of mud, sand, and other materials in the bottom which concealed its underlying structure from ordinary inspection. It was appellant's theory, supported by dye tests and the testimony of her witnesses, that leaks in this catch basin constituted the precipitating source of the water flooding her premises. In response to this theory, respondent's employees in charge of operating and maintaining the storm sewer system testi-

fied, without equivocation, that the catch basin in question was of standard precast cement construction and at all times concerned possessed a solid and sealed concrete bottom, thereby precluding undue infiltration of water into adjacent areas. Appellant's expert witness did not undertake to dispute this positive testimony as to the nature of the basin's construction, and, except for appellant's testimony that her attempts at inspection of the basin led her to believe it was bottomless, respondent's evidence on this issue stood unrefuted.

Immediately following trial, and pursuant to a stipulation by respondent that appellant could construct a drain from her property to the catch basin, appellant's engineer, in conducting a survey preparatory to running such a drain line, pumped the mud and sand out of the catch basin and discovered that the basin was not a sealed unit and had no concrete bottom, thus permitting water accumulating therein to easily drain away and saturate the surrounding soil. The post trial affidavits of appellant's witnesses in this respect stand undisputed in the record.

In *Nelson v. Placanica,* 33 Wn.2d 523, 206 P.2d 296 (1949), we stated at 526:

> To justify granting a new trial on the ground of newly discovered evidence, the following requirements must be satisfied: (1) The new evidence will probably change the result if a new trial is granted. [Citing cases.] (2) It must have been discovered since the trial. (3) It could not have been discovered before the trial by the exercise of diligence. [Citing cases.] (4) It is material to the issue. [Citing case.] (5) It is not merely cumulative, [Citing cases.] or impeaching.

Appellant contends the newly discovered evidence in the instant case readily meets all of the named requirements. Respondent, however, asserts that the new evidence fails to warrant a new trial because (a) it could have been discovered before trial by the exercise of diligence and (b) it is merely cumulative or impeaching.

We agree with appellant.

It cannot be seriously disputed that ordinary inspection of the pertinent catch basin would not reveal its bottom-

less condition, for it is unrefuted that an undetermined amount of mud, sand, and other material had to be pumped from the basin before this circumstance could be ascertained. Neither is it disputed that respondent's agents, whose official duty it was to know the design and condition of the catch basin, testified under oath that the basin was of a standard design and possessed a sealed concrete bottom. Under these circumstances, appellant and her expert witness, as well as the court and jury, were entitled to rely upon the assurances and positive statements of these agents, and in the exercise of reasonable diligence appellant was not required to look behind the statements. *Kurtz v. Fels,* 63 Wn.2d 871, 389 P.2d 659 (1964).

Accordingly, we cannot agree with respondent that appellant failed to exercise due diligence in discovering the condition of the catch basin.

Likewise, we are unable to agree with respondent's contention that the newly discovered evidence is merely cumulative, or impeaching and probably would not change the result of the trial. The condition of the catch basin went to the very heart of the dispute between the parties—the cause of the flooding of appellant's premises. Appellant's own testimony as to her inexpert observations of the catch basin is weak and easily subject to discredit when cast against the unequivocal assertions of respondent's agents. The objective nature of the newly discovered evidence and its singular importance in fairly determining the issue between the parties renders it substantially more than cumulative and readily elevates it out of the realm of being simple impeachment. And, there is more than a passing probability that it could change the result of the trial.

In our judgment the newly discovered evidence called for and warranted a new trial.

We find no reversible error flowing from appellant's assignments of error directed to the instructions given or refused by the trial court. Under the evidence as introduced and the issues framed thereby, the trial court correctly and adequately instructed the jury. We express no opinion, however, upon the question of whether the newly

discovered evidence will upon retrial support any alternative or different theory of liability on the part of respondent than that contained in the present instructions. This question can only be determined after the evidence has been adduced.

The judgment of dismissal is reversed and the cause is remanded for retrial. Costs on appeal will abide the result of the new trial.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and BARNETT, J. Pro Tem., concur.