OPINION OF THE COURT
James H. Boomer, J.
Under their employment contract, plaintiffs, employees of the County of Ontario, were entitled to one day of sick leave for each month of service and these days could be accumulated up to 180 days, "to be applied toward time off due to illness or injury.” There was no provision for compensation for accumulated days of sick leave upon termination of employment unless termination was caused by illness or injury.
The employment contract expired on December 31, 1976, and under the Taylor Law the county, by resolution, imposed new terms and conditions of employment upon its employees. For the sick leave provisions of the expired contract, the county substituted the provisions of the New York State Disability Benefits Law (Workmen’s Compensation Law, art 9). The sick days previously accumulated are retained, but cannot be used during the first seven days of sickness, which is the waiting period under the Disability Benefits Law. These accu-
*53 mulated days, however, can be used after the employee has exhausted his benefits under the Disability Benefits Law.
The plaintiffs claim that the provision preventing them from using accumulated sick leave during the first seven days of sickness is unconstitutional since it deprives them of a vested property right and impairs the obligation of their contract.
A right is a property right within the meaning of the Fifth and Fourteenth Amendments to the United States Constitution when it is a vested right. The concept of a vested right is a troublesome one. "Generally, term 'vested right’ expresses concept of present fixed interest, which in right reason and natural justice should be protected against arbitrary state action”. (16 CJS, Constitutional Law, § 215, n 71 [5].) A vested right cannot be contingent nor a mere expectance of a future benefit (16 CJS, Constitutional Law, § 215).
Sick leave benefits are part of an employee’s over-all compensation earned during the period of employment (Vangilder v City of Jackson, 492 SW2d 15 [Mo]). But are these benefits vested or contingent? Where the statute or contract provides that the employee may accumulate his sick leave with "cash on termination”, the sick benefit is not contingent, but is vested as soon as the sick leave is accumulated (Harryman v Roseburg Rural Fire Protection Dist., 244 Ore 631). However, where there is no provision for a cash payment on termination these sick leave benefits are contingent upon the employee becoming sick during the term of employment and they are lost upon termination of the employee (Fantl v City of Newark, 11 NJ 429), or at least upon his termination while in a healthy condition (Vangilder v City of Jackson, supra, p 18).
The plaintiffs, under their expired contract, had no vested interest in their accumulated sick days. The right to the use of these benefits was contingent upon sickness during the period of employment and these accumulated days were lost upon termination of employment.
Furthermore, there is no language in the contract which would require the county to pay plaintiffs for sickness occurring after the expiration of the contract. Only rights that have accrued within the contract period can be enforced after the contract has expired (see Matter of Corbin v County of Suffolk, 54 AD2d 698).
Clift v City of Syracuse (45 AD2d 596), cited by the *54 attorney for plaintiffs, holds that an employee has a vested interest in accrued vacation time and if he is not allowed to take his vacation when earned, he is entitled to be paid for it when he is involuntarily terminated. Vacation time is different from sick leave. As soon as an employee has enough time in his position, he is then entitled to a vacation. His right is then vested; it is not contingent upon some future event that may or may not occur. The right to sick pay, however, accrues not when sick days are accumulated, but only when the employee becomes sick during the term of his employment.
Whether the resolution impairs the obligations of the contract depends upon whether there is any obligation on the part of the county under the contract to provide pay for sickness occurring after the termination of the contract, or, otherwise stated, whether the plaintiffs have acquired any vested rights in accumulated sick days. Having already decided this question adverse to the plaintiffs, I determine that the resolution does not impair the obligations of the contract and is not thereby unconstitutional. Summary judgment is granted declaring that the resolution adopted by the Supervisor of the County of Ontario is constitutional.