Richard SIMPSON, Appellee,

v.

**CITY OF BLANCHARD, Oklahoma, a municipal corporation, Appellant.**

**No. 71187.**

Court of Appeals of Oklahoma, Division No. 4.

May 1, 1990.

As Corrected May 14, 1990.

Rehearing Denied May 29, 1990.

Certiorari Denied Sept. 17, 1990.

Jose Gonzalez, Farnan, Bonnell and Gonzalez, Purcell, for appellee.

David L. Perryman, Huckaby, Fleming, Frailey, Chaffin & Darrah, Chickasha, for appellant.

Diane Pedicord, Sue Ann Nicely, Oklahoma City, for amicus curiae Oklahoma Mun. League, Inc.

Neal E. McNeill, City Atty., Patrick T. Boulden, Asst. City Atty., Tulsa, for amicus curiae City of Tulsa.

REIF, Judge.

The City of Blanchard appeals a summary judgment awarding its former police chief, Richard Simpson, compensation for the sick days he had accumulated through the date of his resignation. It was undisputed that the city adopted a sick leave policy during Simpson's employment that provided: "For each month in the employ of the City of Blanchard ½ day of sick leave will accrue to the employee ... [total-ing] 6 sick leave days in a year which can accrue to a total of 45 days." The city points out that this policy is silent concerning the disposition of accrued sick days upon termination of employment. The city argues that the failure of the policy to provide for compensation upon termination evinces its intent *not* to pay employees for unused sick time, an intent ostensibly supported by the fact the city has never paid an employee for unused sick leave upon termination.

Simpson contends that an obligation to pay an employee for unused sick leave is implied because the policy does not expressly provide to the contrary and by reason of 40 O.S.Supp.1989 § 165.3, which requires payment at the next regular payday of *any* "wages" due an employee upon termination. Title 40 O.S.Supp.1989 § 165.1(3), defines wages for purposes of this section to mean "compensation owed by an employer to an employee for labor or services rendered, including salaries, commissions, holiday and vacation pay, overtime pay, severance or dismissal pay, bonuses and *other similar advantages* agreed upon between the employer and the employee, which are earned and due, or *provided by the employer to his employees in an established policy*, whether the amount is determined on a time, task, piece, commission or other basis of calculation." (Emphasis added.)

The sick leave policy in question clearly provides for earning and accruing sick days as a benefit of employment. However, there is nothing on the face of the policy to indicate that this benefit has some value independent of the employment-related need of an employee to miss work due to illness or injury. While we agree that the sick leave benefit in question is an "advantage" founded on an employment policy within 40 O.S.Supp.1989 § 165.1(3), in order for such sick days to constitute "wages" under 40 O.S.Supp.1989 § 165.3, they must have been used or "cashed in" for bona fide illness or injury in lieu of working days during the pay period preceding termination. Nothing in these statutes supports

the "cash-out" theory of Simpson upon termination.

This holding may appear to work a disadvantage to an employee who has not missed work due to illness, but it is no more "unfair" than the related case of a healthy employee who never makes a claim against insurance benefits. The real benefit in either case is to afford some protection for the contingency of illness or injury. Even though the trial court's judgment was fair-minded and reasonable to an extent, it was erroneous. It is therefore reversed and remanded with instructions to enter judgment for the City of Blanchard.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

BRIGHTMIRE, C.J., and STUBBLEFIELD, J., concur.