[No. 42386-0-I.    Division One.    May 24, 1999.]

TEAMSTERS, LOCAL 117, ET AL., *Appellants*, v. NORTHWEST BEVERAGES, INC., ET AL., *Respondents*.

*Spencer N. Thal*, of *Teamsters Local 117*, for appellants.

*Michael R. Rayton* and *John P. Mele*, for respondents.

BECKER, J. — The Teamsters appeal from an order dismissing their members' claims for payment of unused sick leave at the termination of employment with Northwest Beverages. They rely on the statutory requirement

that an employer must pay a terminated employee the "wages due him on account of his employment." We hold that accrued sick leave is a contingent benefit that does not constitute wages under this statute unless it is so defined by another source. The judgment below is affirmed.

The facts are not in dispute. The collective bargaining agreement (CBA) between the employees and Northwest Beverages entitles the employees to sick leave pay in case of a bona fide sickness or accident. Employees accumulate sick leave pay at the rate of .0195 hours for every hour of compensation, not to exceed 40 hours per year. Sick leave is cumulative from year to year, but may not exceed a total of 360 hours. The CBA does not provide for a cashout of accrued but unused sick leave. No statute, ordinance, or any other source directs this employer to cash out accrued but unused sick leave.

■ RCW 49.48.010 requires an employer to pay a terminated employee the "wages due" because of employment:

> When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period[.]

The appellants argue that once the employee earns the sick leave benefit by working the specified number of hours, the benefit becomes part of the employee's vested compensation. They contend that unused sick leave represents "wages due" once it has accrued and the employees have a nonnegotiable right under the statute to cash it out when they leave.

■ Sick leave as provided by the CBA is not vested compensation. It is a contingent benefit due only in the event an employee misses work due to illness. RCW 49.48.010 is a remedial statute so that it should be liberally

construed to effect its purpose.[1] But it does not define "wages" to include the cash value of contingent benefits such as the right to sick leave. A legislative purpose to convert contingent benefits into wages due is simply not found either in RCW 49.48.010 or in the Minimum Wage Act, RCW 49.46., a related statute.[2]

The Teamsters rely on *Naches Valley School District v. Cruzen.*[3] The CBA in that case gave employees the right to cash out accrued sick leave upon termination. After enforcing that provision in favor of three retired teachers, this court then decided they were entitled to recover their attorney fees because they had recovered "wages or salary."[4] *Cruzen* holds that when the right to cash out unused sick leave is provided by a CBA, it represents a vested form of deferred compensation that will be recognized as wages. *Cruzen* does not support a conclusion that sick leave is a form of wages when the CBA does not have a cashout provision.

The CBA does include a provision for employees to cash out unused vacation pay after their termination. The Teamsters argue that sick leave is the same as accrued vacation pay. But the employees are entitled to vacation pay whether they go on vacation or not, whereas sick leave is contingent upon illness. If an employee is not absent from work due to illness, no right to sick leave pay exists. Absent a cashout provision, such a benefit is contingent, not vested.[5]

We hold that the statutory right to wages due upon

---

[1]*Southeastern Wash. Bldg. & Constr. Trades Council v. Department of Labor & Indus.*, 91 Wn.2d 41, 45, 586 P.2d 486 (1978).

[2]*See Hayes v. Trulock*, 51 Wn. App. 795, 806, 755 P.2d 830 (1988).

[3]*Naches Valley Sch. Dist. No. JT3 v. Cruzen*, 54 Wn. App. 388, 398-99, 775 P.2d 960 (1989).

[4]RCW 49.48.030 provides: "In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer."

[5]*See Christian v. County of Ontario*, 92 Misc.2d 51, 53, 399 N.Y.S.2d 379, 381 (1977).

termination of employment does not create a substantive right to be paid for accrued sick leave.

Affirmed.

BAKER and COX, JJ., concur.