141 P.3d 72 (2006)
Gene CHAMPAGNE, Cary Brown, Roland Knoor, and Christopher Scanlon individuals and as representatives of a class of Thurston County overtime eligible employees, Appellants,
v.
THURSTON COUNTY, a political subdivision of the State of Washington, Respondent.
No. 34039-9-II.
Court of Appeals of Washington, Division 2.
August 8, 2006.
William B. Aitchison, Attorney at Law, Portland, OR, Hillary H. McClure, Aitchison & Vick Inc., Seattle, WA, for Appellants.
*73 Jeffrey George Fancher, Attorney at Law, Olympia, WA, for Respondent.
HUNT, J.
¶ 1 Thurston County correction officers Gene Champagne, et al., (Correction Officers) appeal summary dismissal of their statutory wage-and-hour laws claim against their employer, the Thurston County Sheriff's Office (County). The Correction Officers assert that the trial court erred in granting the County's motion for summary judgment, based on their failure to file a notice of claim with the County under RCW 36.45.010. They argue that their claims are statutorily based and, therefore, are not subject to RCW 36.45.010. Holding on alternative grounds that the trial court properly dismissed the Correction Officers' action, we affirm.

FACTS

I. WAGE CLAIMS
¶ 2 Gene Champagne, Cary Brown, Roland Knorr, and Christopher Scanlon are corrections officers with the Thurston County Sheriff's Office. At least since 2001, the County has regularly paid Correction Officers and other County employees on the last work day of each month for regular wages earned that month.
¶ 3 Correction Officers are subject to a collective bargaining agreement, which determines the amounts of their regular wages and the amounts for additional pay, including overtime, compensatory time, specialty pay, supervisory pay, and holiday pay. If Correction Officers earn additional pay beyond their regular wages, they must submit the appropriate form to the County at the end of each month. The County then includes the additional pay in the Correction Officers' next paychecks, which the County issues at the end of the following month.
¶ 4 Correction Officers do not dispute that the County paid them all wages, both regular and additional, due under the collective bargaining agreement.[1] Rather, they contend that the County violated Washington's wage and hour laws by paying additional wages the month after Correction Officers earned them and submitted additional pay forms.

II. PROCEDURE
¶ 5 Correction Officers acknowledge that they did not first present their claims to the County before filing their lawsuit in superior court.
¶ 6 Correction Officers sued the County for violation of (1) the Minimum Wage Act, WAC 296-128-035 and chapter 4.96 RCW; (2) the Wage Payment Act, RCW 49.48.010; and (3) the Wage Rebate Act, RCW 49.52.070. They asked the superior court (1) to award them double wages as damages under RCW 49.52.070; (2) to consider them a class under CR 23 and to certify them as the class representatives; and (3) to award them attorney fees, costs, prejudgment interest, and any other relief the court deemed equitable.
¶ 7 The County moved for summary judgment for failure to file a claim with the County before seeking judicial review. The trial court (1) ruled that Correction Officers had failed to comply with statutory prerequisites for filing suing the County  RCW 36.45.010,[2] RCW 4.96.010, and RCW 4.96.020; (2) granted the County's motion for summary judgment; (3) denied Correction Officers' request for class-action certification and attorney fees; and (4) dismissed their lawsuit without prejudice.
¶ 8 The Correction Officers appeal.

ANALYSIS
¶ 9 Correction Officers argue that their claims under chapters 49.46 RCW (minimum wage), 49.48 RCW (wage payment and collection), and 49.52 RCW (wage deduction and contribution) are statutorily based and, therefore, not subject to RCW 36.45.010's and chapter 4.96 RCW's requirement that they must first file their claims with the *74 County before filing a lawsuit.[3] Correction Officers further argue that the County violated these cited wage-and-hour laws when it unlawfully delayed their additional pay until a month after they earned it.[4]
¶ 10 The County responds that (1) Correction Officers' claims are subject to RCW 36.45.010, (2) Correction Officers failed to provide notice of claim to the County before filing their lawsuit, and (3) the trial court properly dismissed their lawsuit. Regardless of whether RCW 36.45.010 could apply to wage-and-hour-law claims, we need not address this issue here because, even assuming the Correction Officers' wage-and-hour-law claim was properly brought, they fail to establish a right to recover.
¶ 11 Correction Officers alleged in their complaint only that they were entitled to double damages under RCW 49.52.070. In so doing, they failed to state an actionable claim because, under Washington's wage-and-hour laws, employees are entitled to damages only where an employer has paid no compensation to an employee. See Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co., 139 Wash.2d 824, 831, 991 P.2d 1126 (2000). Such is not the case here, however, because, as Correction Officers acknowledge, the County did pay them their due wages.
¶ 12 RCW 49.52.070 does not provide a statutory remedy for the County's alleged "delay" in paying overtime and other additional wages until the next pay date after Correction Officers earned them.[5] Thus, even viewing the facts in the light most favorable to Correction Officers,[6] we hold that Correction Officers cannot show that the County violated RCW 49.52.070.
¶ 13 The trial court granted summary judgment to the County based on Correction Officers' failure to comply with RCW 36.45.010. But we can affirm a trial court on any alternative basis supported by the record and pleadings, even if the trial court did not consider that alternative. Harberd v. City of Kettle Falls, 120 Wash.App. 498, 508, 84 P.3d 1241, review denied, 152 Wash.2d 1025, 101 P.3d 421 (2004). Accordingly, we affirm the trial court's summary judgment dismissal of Correction Officers' action and related requests, *75 based on their failure to show that the County violated any law in paying their additional wages the following month and on their corresponding failure to state a claim for which relief could be granted.[7] CR 8(a), 12(b)(6), 56(c).
¶ 14 Affirmed.
We concur: HOUGHTON, P.J., and BRIDGEWATER, J.
NOTES
[1] Nor do Correction Officers assert any violation of their collective bargaining agreement.
[2] The trial court's order cites RCW 36.05.010, which appears to be a single-digit typographical error. The trial court likely intended to cite RCW 36.45.010.
[3] RCW 36.45.010 provides: "All claims for damages against any county shall be filed in the manner set forth in chapter 4.96 RCW." Chapter 4.96 RCW states: "Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." RCW 4.96.010(1).
[4] Washington's Legislature has enacted a comprehensive scheme of wage-and-hour laws to ensure payment of wages and to provide statutory remedies for employees wrongfully deprived of proper wages. Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co., 139 Wash.2d 824, 830, 991 P.2d 1126 (2000). Under these laws, employees can recover: (1) compensation in the amount equivalent to the statutory minimum wage, chapter 49.46 RCW, when their employer fails to pay; (2) wages due at the termination of their employment relationship, chapter 49.48 RCW; and (3) wages an employer has improperly withheld, chapter 49.52 RCW. Seattle Prof'l Eng'g, 139 Wash.2d at 830-31, 991 P.2d 1126.
[5] Although Correction Officers also alleged violations of chapters 49.46 and 49.48 RCW, they failed to request any form of relief under these other wage statutes that differs substantively from chapter 49.52 RCW relief. See Seattle Prof'l Eng'g, 139 Wash.2d at 831, 835, 991 P.2d 1126. Correction Officers cannot claim damages under RCW 49.52.070 for violations of these other wage-and-hour laws. See RCW 49.52.070. Moreover, even if Correction Officers had properly requested damages, we would nevertheless reach the same result because neither chapter 49.46 RCW nor chapter RCW 49.48 RCW provide for monetary awards when an employer has in fact paid the employees their due wages, as the County did here. RCW 49.48.010; Seattle Prof'l Eng'g, 139 Wash.2d at 831, 991 P.2d 1126.

Correction Officers cite WAC 296-128-035, a Department of Labor and Industries regulation under the Minimum Wage Act, which requires employers to pay wages at intervals no longer one month. But this regulation applies only to violations of minimum wage laws under chapter 49.46 RCW, not chapters 49.48 and 49.52 RCW. Chapter 296-128 WAC; see Seattle Prof'l Eng'g, 139 Wash.2d at 831, 835, 991 P.2d 1126. As we note earlier in this opinion, monetary damages under the Minimum Wage Act are limited to circumstances in which an employer fails to pay statutory minimum wages, which is not the case here.
[6] The court must consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party, here, the Correction Officers. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment should be affirmed "only if, from all the evidence, reasonable persons could reach but one conclusion." Id.
[7] Therefore, we do not address the issue of whether RCW 36.45.010 applies to wage-and-hour claims.