[No. 60223-3-I.   Division One.   September 2, 2008.]

WILLIAM HARALD BACKMAN, *Appellant*, v. NORTHWEST PUBLISHING CENTER, LLC, ET AL., *Respondents*.

*Wendy W. Chen* and *Hank L. Balson* (of *Public Interest Law Group, PLLC*), for appellant.

*David M. Newman* (of *The Rainier Law Group, PLLC*), for respondents.

¶1 ELLINGTON, J. — After William Backman's employment with Northwest Publishing Center, LLC, ended, the company refused to pay him sales commissions when they came due under his contract. This amounted to willful withholding in violation of the wage rebate act, chapter 49.52 RCW. We affirm in part, reverse in part, and remand.

## BACKGROUND

¶2 Beginning September 1, 2005, William Backman sold advertising for a variety of magazines published by Northwest Publishing Center. He earned a monthly base salary, 5 percent commission on renewed advertisements, and 10 percent commission on new advertisements. Under his employment contract, commissions were paid in the two pay periods immediately after the advertisements appeared. If the customer did not pay, Backman had to reimburse the company for commissions:

> Commissions will be paid as follows: Half on the first pay period following the issue month and the balance on the second pay period following the issue month. Commissions will be recovered on all revenue not collected after 120 days from the date of invoice.

Clerk's Papers at 113.

¶3 Backman resigned on October 1, 2006. The next scheduled payday was October 6. Northwest Publishing owed Backman $870.00 in base salary, and vacation and sick pay. Backman had also accrued $4,678.53 in commissions for pending advertisements.

¶4 Northwest paid Backman his salary, and vacation and sick pay on October 6. Backman sent a letter seeking

payment of all his commissions. Northwest responded, "[C]ommissions are not earned until paid by the customer, and only if paid within 120 days of publication. As commissions are earned, we will pay them to [you] in like manner." *Id.* at 97.

¶5 Backman filed a claim for unpaid wages on October 26. By the time the court heard cross-motions for summary judgment on June 1, 2007, Northwest had paid Backman all of the commissions owed. The court granted Northwest's motion for summary judgment and ordered Backman to pay $6,500.00 in attorney fees and $359.90 in costs.[1] Backman appeals.

## ANALYSIS

¶6 The usual standard of review for summary judgment applies.[2]

¶7 The wage payment act provides, "When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." RCW 49.48.010. Backman contends the statute required Northwest to pay him all commissions for advertisements he had booked for future issues of the magazines on October 6, 2006.

¶8 Backman points to the contract provision stating he would "receive commissions from the first dollar confirmed into each issue for the categories you handle whether you book it or not." Clerk's Papers at 113. Under this proviso, he

---

[1] Fees were awarded under RCW 4.84.250. We need not decide the issue here, but considering Washington's public policy favoring payment of wages to employees, we question whether this fee-shifting statute applies to wage claim cases. *See* RCW 49.48.030; RCW 49.52.070.

[2] We review a grant of summary judgment de novo, engaging in the same inquiry as the trial court and viewing the facts and the reasonable inferences from those facts in the light most favorable to the nonmoving party. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 429, 38 P.3d 322 (2002). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c).

contends the commissions were "wages due" when he terminated his employment. But this language defines "commissions"; it does not describe the payment schedule. The contract specified the schedule for payment: "Half on the first pay period following the issue month and the balance on the second pay period following the issue month." *Id.* Backman does not dispute that this schedule governed payment of commissions the entire time he was with the company.

¶9 Backman argues the schedule is unenforceable under *Burdette v. Broadview Dairy Co.*, 123 Wash. 158, 212 P. 181 (1923), which prohibits agreements to postpone payment of wages. *Burdette* has no application here. There, employees at a milk bottling plant agreed to a 30-day delay in payment of wages if they failed to give at least one week's notice before quitting. *Id.* at 162-63. The court refused to enforce the provision because employers are required to pay wages due immediately upon termination of employment. *Id.* at 163. The *Burdette* employees had unquestionably earned the wages. Backman's commissions, on the other hand, were contingent on advertisements appearing in the magazines. *See Teamsters, Local 117 v. Nw. Beverages, Inc.*, 95 Wn. App. 767, 769, 976 P.2d 1262 (1999) (paid sick leave contingent upon illness). The court correctly interpreted the contract and properly ruled the commissions were not wages due until the advertisements appeared.

¶10 Northwest did not violate RCW 49.48.010 when it failed to pay Backman all pending commissions on October 6.

¶11 As Northwest concedes, however, some commission payments to Backman were not timely under the contract's payment schedule. Backman contends this delinquency constituted a willful withholding of wages in violation of the wage rebate act, which prohibits employers from "wil[l]fully and with intent to deprive the employee of any part of his wages" paying "any employee a lower wage than the wage such employer is obligated to pay such employee." RCW 49.52.050(2). Backman contends Northwest is thus liable

for exemplary damages, costs, and attorney fees under RCW 49.52.070.

¶12 The trial court ruled that delayed payment of commissions did not create a cause of action under the statute. The court relied upon a decision from Division Two of this court, *Champagne v. Thurston County*, 134 Wn. App. 515, 519, 141 P.3d 72 (2006), holding that where employees ultimately receive the wages owed, the statute provides no remedy.

¶13 While Backman's appeal was pending, however, the Washington Supreme Court reversed *Champagne*, holding that " 'delayed' payment of wages . . . does give rise to employer liability under [RCW 49.52.050] where such delay is 'willful.' " *Champagne v. Thurston County*, 163 Wn.2d 69, 89, 178 P.3d 936 (2008). The court affirmed the result because the violation was not willful. The parties here submitted supplemental briefs.

¶14 If Northwest's delay was willful, the statutory remedies apply. A willful withholding is "the result of knowing and intentional action and not the result of a bona fide dispute." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849, 50 P.3d 256 (2002). A bona fide dispute is a fairly debatable disagreement over whether an employment relationship exists or whether all or a portion of the wages must be paid. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 161, 961 P.2d 371 (1998). Determining willfulness is a question of fact reviewed for substantial evidence. *Pope v. Univ. of Wash.*, 121 Wn.2d 479, 490, 852 P.2d 1055 (1993). "However, where no dispute exists as to the material facts, the court may dispose of such questions on review of summary judgment." *Champagne*, 163 Wn.2d at 81-82.

¶15 Here, the material facts are not in dispute. Applying the terms of the contract, Northwest paid Backman the second half of his October commissions five weeks late, his November commissions a month late, and some of his December commissions two weeks late.

¶16 Northwest argues its actions were not willful because the timing of payments was the subject of a bona fide

dispute. According to Northwest, once Backman quit, Northwest could not recover commissions if advertisers failed to pay by withholding the amount from future commission payments, and the "only reasonable way" the publisher could enforce the recovery term of the contract was to defer paying Backman's commissions until payments were received from advertisers. Resp'ts' Suppl. Br. at 6.

¶17 But Northwest wrote the contract, which fails to account for the circumstances of termination of employment, and the company offers no authority suggesting it may unilaterally change the payment terms once the employment relationship ends. Northwest's decision to alter the contract and the parties' past practice to its own benefit does not create a fairly debatable dispute. The company acted with knowledge and intent when it failed to adhere to the payment schedule established by the contract. Its actions were willful.

¶18 Northwest violated RCW 49.52.050(2). Backman is therefore entitled to twice the amount of wages unlawfully withheld, costs, and reasonable attorney fees. RCW 49.52.070.

¶19 We affirm the court's ruling that all commissions were not due on October 6, but reverse the orders granting summary judgment and attorney fees to Northwest and remand for entry of judgment in favor of Backman consistent with this opinion.

¶20 Affirmed in part, reversed in part, and remanded.

AGID and APPELWICK, JJ., concur.