773 N.W.2d 348 (2009)
277 Neb. 359
Dorothy M. LOVES, appellant,
v.
WORLD INSURANCE COMPANY, a Nebraska corporation, appellee.
No. S-07-1067.
Supreme Court of Nebraska.
March 13, 2009.
Steven J. Riekes and Howard N. Epstein, of Marks, Clare & Richards, L.L.C., Omaha, for appellant.
Mary Kay O'Connor and Pamela Epp Olsen, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., Lincoln, for appellee.
HEAVICAN, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

SUPPLEMENTAL OPINION
PER CURIAM.
Case No. S-07-1067 is before this court on the motion for rehearing of appellant Dorothy M. Loves regarding our opinion reported at Loves v. World Ins. Co., 276 Neb. 936, 758 N.W.2d 640 (2008). We overrule the motion but for purposes of clarification modify the opinion as follows:
In the portion of the opinion designated "Analysis," we withdraw the first through the third paragraphs, id. at 939-41, 758 N.W.2d at 643-44, and substitute the following paragraphs in their place:
The NWPCA requires an employer to pay "unpaid wages" to an employee who separates from the payroll "on the next regular payday or within two weeks of the date of termination, whichever is sooner."[8] A sick leave plan is considered a fringe benefit under the NWPCA. At the time Loves retired from World, in 2003, the NWPCA defined "wages" as "compensation for labor or services rendered by an employee, including fringe benefits, when previously agreed to and conditions stipulated have been met by the employee, whether the amount is determined on a time, task, fee, commission, or other basis."[9] The NWPCA was subsequently amended to include the following provision: "Paid leave, other than earned but unused vacation leave, provided as a fringe benefit by the employer shall not be included in the wages due and payable at the time of separation, unless the employer and the employee or the employer and the collective-bargaining representative have specifically agreed otherwise."[10] This amended language was in effect at the time of the district court's disposition of the case in 2007.
When applying § 48-1229, we have consistently held that a payment will be considered a wage subject to the NWPCA if (1) it is compensation for labor or services, (2) it was previously agreed to, and (3) all the conditions stipulated have been met.[11]

*349 In the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning.[12] Under the plain language of either § 48-1229(4) (Reissue 2004) or § 48-1229(4) (Cum.Supp.2008), no fringe benefit, including sick leave, is payable to a separating employee unless it was previously agreed to and all the conditions stipulated have been met.
Unlike the employee handbook in Professional Bus. Servs. v. Rosno,[13] which provided, "`Any sick leave not used will be paid to the employee at the time of termination,'" it is undisputed in this case that at the time of Loves' retirement, the World policy did not permit employees to cash out their earned but unused sick leave. When Loves retired, World's employee handbook provided that sick leave could be used "for employee illness or that of a dependent child" and that "[u]nused sick time cannot be carried over but will be placed in an emergency reserve account to be used for extended periods of illnesses, greater than 3 days, or disability." It also provided that "[u]nused personal and sick time can not be cashed in at time of termination. Any unused balance will be forfeited."
Under either version of § 48-1229(4), the one in effect at the time of Loves' retirement or the one in effect at the time of the district court's disposition, accrued but unused sick leave may be treated differently than accrued but unused vacation leave for purposes of determining unpaid wages when employment ends, because the stipulated conditions for each type of leave may differ. Other courts have recognized an employer's right to treat sick leave as a "contingent benefit due only in the event an employee misses work due to illness."[14] We conclude that the NWPCA does not prohibit an employer from providing a sick leave benefit which may be used only in the event of illness or injury and which has no monetary value upon termination of employment if it is not so used. In this case, the agreement of the parties at the time of Loves' retirement, as reflected in the employee handbook, contemplated a benefit of this nature. Loves did not con-tend that she was entitled to the value of sick leave based on a qualifying illness or injury, and she did not present any medical evidence to that effect.
The remainder of the opinion shall remain unmodified.
FORMER OPINION MODIFIED. MOTION FOR REHEARING OVERRULED.
WRIGHT, J., not participating.
NOTES
[8] § 48-1230.
[9] § 48-1229(4) (Reissue 2004).
[10] § 48-1229(4) (Cum.Supp.2008).
[11] Pick v. Norfolk Anesthesia, 276 Neb. 511, 755 N.W.2d 382 (2008); Roseland v. Strategic Staff Mgmt., supra note 2; Hawkins v. City of Omaha, 261 Neb. 943, 627 N.W.2d 118 (2001); Moore v. Eggers Consulting Co., 252 Neb. 396, 562 N.W.2d 534 (1997); Knutson v. Snyder Industries, Inc., 231 Neb. 374, 436 N.W.2d 496 (1989).
[12] McClellan v. Board of Equal. of Douglas Cty., 275 Neb. 581, 748 N.W.2d 66 (2008).
[13] Professional Bus. Servs. v. Rosno, 268 Neb. 99, 115, 680 N.W.2d 176, 188 (2004).
[14] Teamsters, Local 117 v. NW Beverages, 95 Wash.App. 767, 768, 976 P.2d 1262, 1263 (1999). See, also, Simpson v. City of Blanchard, 797 P.2d 346 (Okla.App.1990).