IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| KIMBERLY A. ZEREN, Individually and as Trustee of the Zeren Revocable Living Trust, | ) ) ) ) | No. 83462-2-I |
| Appellant, | ) ) | |
| v. | ) ) | |
| JAMES E. CARLSON, | ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | |

VERELLEN, J. — Kimberly Zeren challenges the trial court's grant of an easement by necessity in favor of James Carlson contending that the trial court erred because there can be no reasonable necessity supporting a private way of necessity over her property if the owners of other parcels required to connect Carlson's landlocked property to a public access are not parties to the litigation. But the doctrine of invited error prevents a party from materially contributing to an erroneous application of law at trial and then complaining of it on appeal. Here, Zeren filed a motion to strike the owners of the other parcels from this litigation, the trial court bifurcated the action, and Zeren now complains of that decision on appeal. Therefore, we apply the doctrine of invited error and conclude that the court properly awarded Carlson an easement by necessity.

We affirm.

FACTS

In 1962, James Carlson purchased a parcel of real property in unincorporated Pierce County. Eugene and Jean Zeren owned various parcels of real property that bordered Carlson's parcel.

Carlson's parcel is the large square parcel in the northeast corner of the "Wetland Exhibit Map."[1] The Zerens owned the parcel directly south of Carlson's parcel, the rectangular parcel that is oriented north-south and located southeast of Carlson's parcel, the small square parcel directly north of the rectangular parcel, and the large square parcel that boarders the small square parcel.[2] The long rectangle that is located between Zeren's square and rectangular parcels is 150th Street N.W., an east-west unimproved public right of way. The long vertical north-south rectangle that intersects with 150th Street N.W. is the improved 94th Avenue N.W. roadway. The Davis subdivision owns seven of the parcels that are located south of 150th Street N.W. Also directly south of 150th Street N.W. is a gravel road that runs from east to west from 94th Avenue N.W. across three parcels in the Davis subdivision. The gravel road intersects the unimproved public right of way and connects to the southeast corner of the east Zeren parcel.

In 1981, the Zerens entered into an easement agreement with Carlson. The easement starts at the southeast corner of the east Zeren parcel. The easement continues north to the northeast corner of that parcel and then

_____

[1] Report of Proceedings (RP) (Nov. 19, 2020) at 118.

[2] We refer to the large square parcel as the east Zeren parcel.

2

continues west to the northwest corner of that parcel which runs into Parcel C, a long skinny north-south rectangular parcel. At the time of the 1981 easement agreement, Carlson owned Parcel C.

In 2015, Kimberly Zeren, in her individual capacity and as the trustee of her parent's estate, filed a complaint against Carlson alleging various causes of action. Two years later, Zeren amended her complaint arguing that, in 1980, her parents obtained a judgment against Carlson which quieted title to Parcel C in their favor. Carlson counterclaimed against Zeren and filed a third party complaint against the Davis subdivision owners for an easement by necessity (private way of necessity) across their parcels.

A few years later, Zeren filed a motion to strike Carlson's third party complaint arguing that Carlson's claims against the Davis subdivision owners were irrelevant to her claims. Carlson objected and submitted a motion to consolidate the cases. The trial court granted Zeren's motion to strike and entered an order bifurcating Carlson's claims against the Davis subdivision owners. The court also granted Zeren's motion for summary judgment quieting title to Parcel C in her favor.

At trial, Carlson testified that until 2018, he accessed his property by driving from the public road, 94th Avenue N.W., onto the gravel road paralleling the unimproved 150th Street N.W., then crossing the unimproved 150th Street N.W. right of way and driving on the 1981 easement onto Parcel C and from Parcel C to

his larger parcel. He stated that there was no other way for him to access his larger parcel.

After all the evidence was presented, Zeren argued that the Davis subdivision owners were necessary parties and that the trial court could not grant Carlson a private way of necessity over Parcel C when Carlson did not have a private way of necessity over the Davis subdivision. The trial court applied the doctrine of judicial estoppel and granted a private way of necessity to Carlson from his larger parcel across Parcel C to the 1981 easement. The court entered written findings of fact and conclusions of law.

After trial, Zeren filed a CR 60(b) motion, arguing that newly discovered evidence established that Carlson's property could not be developed until he obtained the necessary permits, and therefore, the trial court's grant of a private way of necessity over Parcel C was inappropriate. The trial court denied the motion.

Zeren appeals.

<u>ANALYSIS</u>

Zeren argues that the trial court erred in granting Carlson a private way of necessity over her property because even with that easement, Carlson's property remains landlocked. "When a trial court has weighed the evidence in a bench trial, appellate review is limited to determining whether substantial evidence supports its

4

findings of fact and, if so, whether the findings support the trial court's conclusions of law."[3]

The easement by necessity statute, RCW 8.24.010, provides,

> [A]n owner, or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity or to construct and maintain any drain, flume or ditch, on across, over or through the land of such other, for agricultural, domestic or sanitary purposes, may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity, or for the construction and maintenance of such drain, flume or ditch, as the case may be.  The term "private way of necessity," as used in this chapter, shall mean and include a right-of-way on, across, over or through the land of another for means of ingress and egress, and the construction and maintenance thereon of roads, logging roads, flumes, canals, ditches, tunnels, tramways and other structures upon, over and through which timber, stone, minerals or other valuable materials and products may be transported and carried.[4]

"The doctrine of easement by necessity is based on the policy that landlocked land may not be rendered useless and the landlocked landowner is entitled to the beneficial uses of the land."[5]

Zeren frames the issue on appeal as whether the private way of necessity awarded by the trial court across Parcel C is "reasonably necessary" when Carlson lacks a private way of necessity to use the gravel road crossing over the

---

[3] Hegwine v. Longview Fibre Co., 132 Wn. App. 546, 555, 132 P.3d 789 (2006) (citing Keever & Assocs. v. Randall, 129 Wn. App. 733, 737, 119 P.3d 926 (2005)), aff'd, 162 Wn.2d 340, 172 P.3d 688 (2007).

[4] RCW 8.24.010 (emphasis added).

[5] Kennedy v. Martin, 115 Wn. App. 866, 868, 63 P.3d 866 (2003) (citing Hellberg v. Coffin Sheep Co., 66 Wn.2d 664, 666-67, 404 P.2d 770 (1965)).

three properties in the Davis subdivision. But contrary to Zeren's contention, that determination in turn depends upon whether the owners of the Davis subdivision properties are necessary parties to Carlson's claims for a private way of necessity linking his property to 94th Avenue N.W. And, of course, that is precisely what Carlson attempted to accomplish when he filed his private way of necessity claims naming both Zeren and the Davis subdivision owners.

"'Under the doctrine of invited error, a party may not materially contribute to an erroneous application of law at trial and then complain of it on appeal.'"[6] "To determine whether the doctrine applies, [we] consider[ ] 'whether the defendant affirmatively assented to the error, materially contributed to it, or benefited from it.'"[7]

Here, Carlson's efforts were frustrated based upon Zeren's representations to the court over his objections that the Davis subdivision owners were not relevant to Zeren's claims before the court. But Zeren failed to clarify that the presence of the Davis subdivision owners was relevant to her claims in opposition to Carlson's request for a private way of necessity connecting his landlocked property to 94th Avenue N.W. Zeren's arguments were accepted by the court, and the resulting bifurcation set the stage for her arguments at the conclusion of the

---

[6] Matter of Dependency of A.L.K., 196 Wn.2d 686, 694-95, 478 P.3d 63 (2020) (quoting In re Det. of Rushton, 190 Wn. App. 358, 372, 359 P.3d 935 (2015)).

[7] Id. at 695 (quoting In re Pers. Restraint of Coggin, 182 Wn.2d 115, 119, 340 P.3d 810 (2014)).

trial that Carlson's claims must fail because the Davis subdivision owners were no longer parties to this litigation.

The trial court applied the doctrine of judicial estoppel to resolve the true question presented in this appeal, whether Zeren can defeat a private way of necessity claim by Carlson, a landlocked owner, who had named all the other owners of the impacted properties necessary to connect his landlocked parcel to a public access. "But we can affirm a trial court on any alternative basis supported by the record and pleadings, even if the trial court did not consider that alternative."[8] Therefore, we conclude that the doctrine of invited error applies here because Zeren's motion to strike the Davis subdivision owners advocated for the trial court to dismiss them as third party defendants, Zeren benefited from the resulting bifurcation, and now complains of that bifurcation in this appeal.[9]

Zeren also contends that the trial court erred in denying her CR 60(b) motion because "newly discovered evidence of the impact of wetlands on Carlson's property establishes that Carlson cannot develop his property until he

---

[8] Champagne v. Thurston County, 134 Wn. App. 515, 520, 141 P.3d 72 (2006) (citing Harberd v. City of Kettle Falls, 120 Wn. App. 498, 508, 84 P.3d 1241 (2004)), aff'd on other grounds, 163 Wn.2d 69, 178 P.3d 936 (2008).

[9] Further, based on Carlson's attorney's acknowledgement at oral argument, every indication is that Carlson's separate claim for a private way of necessity across the Davis subdivision recently has been resolved in favor of Carlson, apparently mooting Zeren's basic challenge on appeal that Carlson's property remains landlocked even with the private way of necessity over Parcel C. Wash. Court of Appeals oral argument, Zeren v. Carlson, No. 83462-2-I (Mar. 11, 2022), at 12 min., 20 sec. to 12 min., 55 sec.; https://tvw.org/video/division-1-court-of-appeals-2022031079/?eventID=2022031079.

obtains the necessary permits.  We review a trial court's denial of a CR 60(b) motion for an abuse of discretion.[10]

"To justify vacating a judgment on the ground of newly discovered evidence, the moving party must establish that the evidence: (1) would probably change the result if a new trial were granted, (2) was discovered since trial, (3) could not have been discovered before the trial with due diligence, (4) is material, and (5) is not merely cumulative or impeaching."[11]  "A mere allegation of diligence is not sufficient; the moving party must state facts that explain why the evidence was not available for trial."[12]

Here, Zeren filed her complaint against Carlson in 2015.  In her complaint, she noted that there were "marshes and wetland on much of the east part of [Carlson's] property."[13]  Five years later, at trial, Zeren referred to the 1981 easement as a "wetland easement," but Zeren also claimed that she was not aware there was any "wetlands issue."[14]  In her opening brief, Zeren clarifies her

---

[10] Isla Verde Int'l Holdings, Inc. v. City of Camas, 99 Wn. App. 127, 142, 990 P.2d 429 (1999) (citing In re Marriage of Dugan-Gaunt, 82 Wn. App. 16, 18, 915 P.2d 541 (1996)), as clarified on denial of reconsideration (Feb. 11, 2000), aff'd on other grounds, 146 Wn.2d 740, 49 P.3d 867 (2002).

[11] Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013), as corrected (Feb. 5, 2014) (citing Praytor v. King County, 69 Wn.2d 637, 639, 419 P.2d 797 (1966)).

[12] Vance v. Offices of Thurston County Comm'rs, 117 Wn. App. 660, 661, 71 P.3d 680 (2003) (citing Peoples v. City of Puyallup, 142 Wash. 247, 248, 252 P. 685 (1927)).

[13] CP at 3.

[14] RP (Nov. 23, 2020) at 180.

argument that the newly discovered evidence is not the existence of the wetlands themselves but rather "that Pierce County would not allow use of Carlson's property or development of the access without application for development permits and approval of those permits after site development and critical area review."[15] But Zeren knew that wetlands existed on Carlson's property for at least five years. In her reply brief, Zeren contends that her inability to find out this information prior to trial was due to the "absence of any consideration of environmental regulations affecting use [of property] appearing in case law."[16] And she acknowledges that the statute affecting the environmental regulations she complains of in her CR 60(b) motion was adopted in 1913. Zeren fails to establish facts explaining why she could not have obtained the Pierce County survey she currently relies upon, or otherwise determined Pierce County's permit requirements prior to the trial. The trial court did not abuse its discretion in denying her CR 60(b) motion.

We affirm.

WE CONCUR:

_____

_____
Mann, C.J.

_____
Dwyer, J.

---

[15] Appellant's Br. at 20.

[16] Appellant's Reply Br. at 19.

9