[No. 12871-3-II. Division Two. January 9, 1991.]

EVERGREEN COLLECTORS, *Respondent,* v. LARRY HOLT, ET AL, *Petitioners.*

*Michael L. Flynn,* for petitioners.

*Douglas D. Sulkosky, John R. Kramer,* and *Kramer & Sulkosky,* for respondent.

ALEXANDER, J.—Larry and Teresa Holt appeal an order of the Pierce County Superior Court vacating a judgment of the Pierce County District Court that the Holts had earlier obtained against Evergreen Collectors. They contend that the Superior Court erred in concluding that Evergreen did not violate the Consumer Protection Act when it persisted in its attempt to recover attorney's fees from the Holts despite the fact that the underlying lawsuit between the Holts and Evergreen had been settled. We reverse.

The material facts of this case are not in dispute. In early 1986, the Holts sought to obtain an automobile insurance policy from their insurance agents, Rhymes and Carlson (Rhymes). Rhymes eventually obtained a policy for the Holts from Superior Underwriters but did not immediately inform the Holts that they had coverage under the policy.

It was only when the Holts were billed $297 that they became aware of the claimed coverage.

The Holts refused to pay the entire premium and submitted a complaint to the State Insurance Commissioner. They contended that they were not covered by the insurance policy with Superior until such time as they learned of the coverage and, consequently, were not obligated to pay the entire amount Superior was requesting. In a letter to the Holts, the Commissioner indicated that the policy with Superior was in effect. The Commissioner agreed, however, with the Holts' assertion that the term of the coverage was less than that claimed by Superior. The Holts apparently did not receive the Commissioner's decision immediately and only learned of it in August 1986 when Rhymes indicated that the Holts owed the entire premium of $297.

The Holts did not pay the premium and Rhymes, therefore, assigned the claim to Evergreen Collectors for collection. Evergreen notified the Holts that they owed $297 plus $2.97 in interest. Teresa Holt responded to Evergreen's notice in writing and indicated that the Holts disputed the obligation. Evergreen then brought suit against the Holts in Pierce County District Court to collect $299.97. Before trial the Holts and Evergreen's attorney reached an agreement that if the Holts would pay Evergreen $229, Evergreen would dismiss the lawsuit. The Holts paid Evergreen that amount and requested that Evergreen send a copy of the dismissal order to them before they were required to answer the complaint in order to avoid having a default judgment entered against them.

Having failed to receive a copy of the dismissal order on the day before their answer was due, the Holts filed their answer with the Pierce County District Court. One year eight months after the answer was filed, Evergreen sought a trial date. Larry Holt then telephoned Evergreen's manager and was informed that Evergreen's purpose in setting the case for trial was to recoup its costs. The manager said that he could not and would not tell the Holts the exact amount of these claimed costs. He did tell Larry Holt, however,

that if the Holts pursued this case to trial rather than paying the additional costs, Evergreen would recover an additional amount of $200 for their attorney's fees.

The case proceeded to trial before a Pierce County District Court commissioner. The commissioner concluded that the parties had reached an accord and satisfaction when the Holts agreed to pay the $229 in return for Evergreen's agreement to dismiss the lawsuit. From this finding, the commissioner concluded that there was no basis for Evergreen's threat to recover attorney's fees and that in doing so, Evergreen violated the Consumer Protection Act. A judgment in favor of the Holts for their damages was entered against Evergreen in the amount of $1,000, together with an attorney's fee of $1,774.

Evergreen appealed the District Court judgment to the Pierce County Superior Court. It claimed there that the District Court erred in (1) awarding damages as no damages were, in fact, proved; (2) finding a violation of the Consumer Protection Act; and (3) awarding attorney's fees. The Superior Court vacated the District Court judgment, concluding that the activities of Evergreen did not constitute a violation of the Consumer Protection Act because they all occurred after the lawsuit was filed and, therefore, the matter was a private dispute under the control of the courts.

The Consumer Protection Act declares "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . ." to be unlawful. RCW 19.86.020. A claim under the act may be asserted on either of two bases: "[1] a per se violation of a statute or [2] on unfair or deceptive practices unregulated by statute but involving the public interest." *Blake v. Federal Way Cycle Ctr.*, 40 Wn. App. 302, 308, 698 P.2d 578, *review denied*, 104 Wn.2d 1005 (1985). A claimant asserting a per se violation must establish that a statute has been violated, that the violation was the proximate cause of the

damages, and that the plaintiff is within the class of persons the statute is intended to protect. *Blake v. Federal Way Cycle Ctr., supra.*

■ The Holts argue that Evergreen violated the Collection Agency Act, RCW 19.16.100 *et seq.,* and that this violation was a per se violation of the Consumer Protection Act. The Collection Agency Act provides, in pertinent part, that no collection agency shall

> Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor.

RCW 19.16.250(14). The Collection Agency Act further provides that prohibited acts "are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW." RCW 19.16.440. It is clear, therefore, that a violation of the provisions of the Collection Agency Act is a per se violation of the Consumer Protection Act.

■ The District Court concluded that Evergreen's threat to collect attorney's fees constituted a violation of RCW 19.16.250(14). We agree with that conclusion. It is apparent from the record that Evergreen had settled its dispute with the Holts and was not entitled to attorney's fees. Evergreen's threat to proceed to trial in order to recover fees was the type of communication that the Legislature obviously sought to prohibit by RCW 19.16.250(14). In our judgment, Evergreen's actions were an egregious violation of that subsection.

Evergreen does not contend that it did not violate the Collection Agency Act. Instead, it cites *Blake v. Federal Way Cycle Ctr., supra,* and argues that the acts complained of were not "in the conduct of any trade or commerce" because they occurred after the complaint in this case was filed. In *Blake,* we held that the acts of the defendant did not "satisfy the requisite element that such acts be 'within

the sphere of trade or commerce.' Once the lawsuit was filed, this matter was under the aegis of and subject to the control of the courts; as such, it was a private dispute." (Citation omitted.) *Blake,* 40 Wn. App. at 312.

This case, however, differs greatly from *Blake.* The *Blake* case did not involve a per se violation of the Consumer Protection Act, as this case does. The Holts rely upon a statute, RCW 19.16.440, that specifically declares certain prohibited acts to fall within the conduct of trade or commerce for purposes of the Consumer Protection Act. Having held that Evergreen's egregious conduct violated this statute, we need look no further for the alternative form of violation, *i.e.,* an unfair or deceptive practice, not regulated by statute, but implicating the public interest. In *Blake,* by way of contrast, the plaintiffs contended that the "defendants were engaged in a business legislatively declared to affect the public interest in order to establish an *other than per se violation* of the Consumer Protection Act." (Italics ours.) *Blake,* 40 Wn. App. at 308–09. The plaintiffs there did not allege a violation of any statute, but sought to fall within the Consumer Protection Act by proving "unfair" acts that affected the public interest. In rejecting this contention, we reasoned that the public interest was not affected because the defendant's acts were not unfair and were not within the sphere of trade or commerce. *Blake,* 40 Wn. App. at 309–12. Such an analysis would be superfluous in a case where, as here, the plaintiff establishes a per se violation of the Consumer Protection Act by conduct statutorily declared to be violative of the act.

Specifically, the language in *Blake* indicating that the filing of a lawsuit took the defendant's ensuing conduct out of the sphere of trade or commerce does not apply here, where the very business of a collection agency often requires it to sue debtors in court. In light of the Collection Agency Act's clear intention to bring collection agency activities within the coverage of the Consumer Protection Act, it would be

ludicrous to hold that an agency's tactics after filing suit are exempt from such coverage.

For these reasons, our decision in *Blake* does not bar recovery in this case. Evergreen's acts clearly violated the Collection Agency Act and the District Court was correct in concluding that it constituted a per se violation of the Consumer Protection Act.

The Holts assign error to the trial court's denial of its request for an attorney's fee. Because we reverse the decision of the Superior Court, we reinstate the District Court's award of attorney's fees. The District Court correctly determined that the Holts are entitled to an award of a reasonable attorney's fee pursuant to RCW 19.86.090. We remand to the superior court for a determination of reasonable attorney's fees on appeal to that court. The Holts are also entitled to a reasonable attorney's fee on appeal to this court. *Wilkinson v. Smith*, 31 Wn. App. 1, 15, 639 P.2d 768 (the Consumer Protection Act provides "adequate grounds" for the award of attorney's fees on appeal), *review denied*, 97 Wn.2d 1023 (1982), and RCW 4.84.250 and .290. The amount of the award will be determined in accordance with the provisions of RAP 18.1.

WORSWICK, C.J., and MORGAN, J., concur.