949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LOOMIS TRUCK & TRACTOR, INC.; Sun Ag, Inc., Plaintiffs-Appellants,
v.
J.I. CASE COMPANY; Tenneco Asset Planning Co., Defendants-Appellees.
 No. 91-35066.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided Dec. 3, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Two farm implement dealers sued their equipment supplier alleging, inter alia, breach of contract and violation of state franchise and consumer protection laws, based on the supplier's failure to prevent one of its company stores from competing directly with the dealers in what they believed to be their sales regions. The district court granted the supplier's motion for summary judgment, and the dealers have appealed. We affirm.
 
 1. Breach of Contract Claims
 
 3
 Sun Ag, Inc. ("Sun") and Loomis Truck & Tractor, Inc. ("Loomis") first argue that the J.I. Case Company ("Case") breached the terms of their Dealership Agreements by failing to provide them with Trade Areas. This contention is meritless. Nothing in the Dealership Agreements states or implies that Case dealers are entitled to exclusive Trade Areas, and the record shows only that Case gave its dealers unrestricted Trade Areas. Moreover, as the district court noted,
 
 
 4
 If Case were giving its independent dealers exclusive areas of trade, then plaintiffs would have been restricted from selling Case products in other dealer's [sic] areas; however, the uncontroverted evidence shows to the contrary. Although claiming the benefits of an exclusive trade area, plaintiffs have failed to present any facts to indicate that it [sic] assumed any associated burdens (e.g., limitation of sales, an obligation to provide warranty service within a particular area, or market penetration requirements within an area established by Case) of an exclusive trade area.
 
 2. FIPA Claims
 
 5
 a. Section 19.100.170
 
 
 6
 It is unlawful to sell or offer to sell a franchise in the State of Washington by means of an oral or written communication that misrepresents or omits a material fact. Wash.Rev.Code Ann. § 19.100.170(2) (West 1989). Sun and Loomis argue that Case violated this provision when Case failed to provide them with exclusive Trade Areas. We reject this argument for the reasons stated above.
 
 
 7
 b. Section 19.100.180
 
 
 8
 Sun and Loomis also asserted four claims under this section. On appeal they have abandoned one of these, viz., their anti-kickback claim under section 19.100.180(2)(e). Notwithstanding Sun and Loomis' arguments to the contrary, their remaining claims under this section are effectively grounded on the contention that Case breached its contracts with them by failing to provide them with exclusive Trade Areas. For the reasons set forth above, these arguments must also fail.
 
 3. CPA Claims
 
 9
 Sun and Loomis next argue that Case's failure to provide them with exclusive Trade Areas runs afoul of Washington's Consumer Protection Act ("CPA"). We reject this contention.
 
 
 10
 The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce". Wash.Rev.Code Ann. § 19.86.020 (West 1989). The phrase "unfair methods of competition" means just that, i.e., it applies only to acts against business competitors, not consumers. Boggs v. Whitaker, Lipp & Helea, Inc., 56 Wash.App. 583, 784 P.2d 1273, 1275 (citations omitted), review denied, 114 Wash.2d 1018, 791 P.2d 535 (1990). Although the statute does not define "unfair or deceptive acts or practices", see Potter v. Wilbur-Ellis Co., 62 Wash.App. 318, 814 P.2d 670, 674 (1991), the Washington courts have limited its application to conduct deemed harmful to consumers, not business competitors. See, e.g., Boggs, 56 Wash.App. 583, 784 P.2d at 1275.
 
 
 11
 A claim under the CPA may be based on only one of two grounds, either "(1) a per se violation of a statute or (2) an unfair or deceptive practice unregulated by statute but involving the public interest." Evergreen Collectors v. Holt, 60 Wash.App. 151, 803 P.2d 10, 12 (1991) (quotation and citation omitted). The first ground, i.e., a per se violation, requires a showing that (1) a statute was violated, (2) the violation was the proximate cause of the harm suffered, and (3) the plaintiff is within the class of persons protected by the statute. Id. In order to state a claim under the second ground, a private party must allege and show that the defendant engaged in (1) an unfair or deceptive act or practice (2) occurring in the conduct of trade or commerce (3) involving the public interest and (4) resulting in an injury to the plaintiff's business or property (5) which is causally linked to the unfair or deceptive act. Howell v. Spokane & Inland Empire Blood Bank, 114 Wash.2d 42, 785 P.2d 815, 823 (1990).
 
 
 12
 As the district court noted, to the extent Sun and Loomis ground their CPA claim on "deceptive acts or practices" resulting from Case's failure to provide them with exclusive Trade Areas, that claim is meritless because Sun and Loomis failed to show that any such agreement existed or could be read into the terms of the Dealership Agreements. To the extent Sun and Loomis contend that Case's actions constitute "unfair method[s] of competition", the Washington Supreme Court's decision in State v. Black, 100 Wash.2d 793, 676 P.2d 963 (1984), interpreting section 19.86.920 of the CPA, forecloses that argument.
 
 
 13
 Sun and Loomis made no showing that Case's "dual distribution" system, which allows its dealers to sell anywhere they can find a market and compete freely not only with each other but with the company stores, is in any way anticompetitive or harmful to the public. Indeed, common sense and fundamental economics indicate the exact opposite. The district court did not err by ruling in favor of Case on this point, either.
 
 
 14
 Finding no merit to Sun and Loomis' remaining arguments, we AFFIRM the decision of the district court. Case's request for attorney's fees on appeal is DENIED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3