[No. 27102-1-III.   Division Three.   March 12, 2009.]

ALAN MCGINNITY ET AL., *Respondents*, v. AUTONATION, INC., ET AL., *Appellants*.

278

*Michael J. Killeen* and *Kristina S. Bennard* (of *Davis Wright Tremaine, LLP*); and *James M. Kalamon* (of *Paine Hamblen, LLP*), for appellants.

*Darrell W. Scott* and *Matthew J. Zuchetto* (of *The Scott Law Group, PS*); *Robert J. Crotty* (of *Lukens & Annis, PS*); *Kim D. Stephens* (of *Tousley Brain Stephens, PLLC*); and *Beth E. Terrell* and *Toby J. Marshall* (of *Terrell Marshall & Daudt, PLLC*), for respondents.

¶1 SCHULTHEIS, C.J. — We have held that awards for attorney fees under RCW 49.48.030[1] are not limited to judgments for wages earned for work performed, but are recoverable under RCW 49.48.030 whenever a judgment is obtained for any type of compensation due by reason of employment. *Bates v. City of Richland*, 112 Wn. App. 919, 940, 51 P.3d 816 (2002). Here, AutoNation, Inc., challenges the superior court's denial of its motion to vacate an arbitrator's award of attorney fees under RCW 49.48.030 to a class of AutoNation employees (the class). AutoNation contends that the award is facially erroneous because the arbitrator's finding that the class failed to establish that unpaid vacation benefits constitute "wages" contradicts the plain language of RCW 49.48.030. We reject AutoNation's argument and affirm.

## FACTS

¶2 This case arises from a lawsuit by a certified class of over 500 of AutoNation's employees for damages resulting from the loss of vacation time when AutoNation changed its vacation policy in 2005. At the time of the change, AutoNation informed its employees that they would not lose any paid vacation time. However, when AutoNation failed to pay its employees their unused paid vacation time between 2004 and 2005, the class filed a lawsuit, alleging in part that AutoNation violated state wage statutes and breached its contractual obligation to provide earned vacation benefits.

¶3 At the request of AutoNation, the parties agreed to arbitrate the dispute. On January 24, 2008, the arbitrator awarded the class over $1.2 million in compensatory damages for the loss of vacation benefits. In doing so, the arbitrator rejected the class's statutory claim for wages

---

[1] "In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer." RCW 49.48.030.

under RCW 49.46.090, RCW 49.48.010, and RCW 49.52-.020, finding that the class "failed to prove . . . vacation time does not constitute wages under Washington law." Clerk's Papers (CP) at 38. Instead, he based the award on AutoNation's breach of contractual obligations to the class.

¶4 After issuance of the initial award, the arbitrator awarded the class $884,647.50 in attorney fees under RCW 49.48.030, finding the class had "prevailed on a breach of contract claim to recover damages arising out of [the class's] employment with [AutoNation]." CP at 45. AutoNation moved to vacate the award of attorney fees, arguing, as it does on appeal, that the class's failure to obtain a judgment for wages precluded recovery of attorney fees under RCW 49.48.030, which allows an award of attorney fees only when a party successfully recovers wages or salaries.

¶5 The class countered that the question of whether recovery of damages is allowed under a statutory wage claim theory is different from whether postaward damages are owed under a breach of contract theory. The class argued that the arbitrator correctly determined that the attorney fee award was compensation arising out of employment, which meets the definition of "wages" for attorney fees purposes.

¶6 The superior court denied AutoNation's motion to vacate and confirmed the final award, finding that AutoNation was asking it to improperly engage in a retroactive interpretation of the arbitrator's statement of reasons behind the initial award. The court also granted the class's motion for attorney fees and costs for defending against AutoNation's motion to vacate. AutoNation appeals both decisions.

## ANALYSIS

¶7 The primary issue before us is whether the superior court erred in denying AutoNation's motion to vacate the arbitrator's award of attorney fees to the class. Arbitration is a statutorily recognized special proceeding,

and the rights of the parties are controlled by chapter 7.04A RCW. *Price v. Farmers Ins. Co. of Wash.*, 133 Wn.2d 490, 496, 946 P.2d 388 (1997) (referencing former chapter 7.04 RCW, *repealed by* LAWS OF 2005, ch. 433, § 50). We are mindful that "[t]he very purpose of arbitration is to avoid the courts. It is designed to settle controversies, not serve as a prelude to litigation." *Westmark Props., Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). Accordingly, Washington courts confer substantial finality on decisions of arbitrators rendered in accordance with the parties' contract and chapter 7.04A RCW. *Davidson v. Hensen*, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998).

¶8 The parties agree that our review of an arbitrator's award is strictly limited. Appellate scrutiny does not include review of an arbitrator's decision on the merits, which would defeat the purpose of arbitration. *Beroth v. Apollo Coll., Inc.*, 135 Wn. App. 551, 559, 145 P.3d 386 (2006). Therefore, "[i]n the absence of an error of law on the face of the award, the arbitrator's award will not be vacated or modified." *Davidson*, 135 Wn.2d at 118.

¶9 One of the statutory grounds for vacating an award exists when an arbitrator exceeds his powers, as demonstrated by an error of law on the face of the award. RCW 7.04A.230(1)(d); *Lindon Commodities, Inc. v. Bambino Bean Co.*, 57 Wn. App. 813, 816, 790 P.2d 228 (1990). "The error should be recognizable from the language of the award, as, for instance, where the arbitrator identifies a portion of the award as punitive damages in a jurisdiction that does not allow punitive damages." *Federated Servs. Ins. Co. v. Pers. Representative of Estate of Norberg*, 101 Wn. App. 119, 124, 4 P.3d 844 (2000). AutoNation bears the burden of proving clear error on the face of the award. *Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995); *Lindon*, 57 Wn. App. at 816.

¶10 AutoNation contends that the face of the arbitrator's award reveals an error of law because attorney fees are not available under RCW 49.48.030 when a judgment does not include damages for wages. It argues, "[H]aving decided that

the vacation benefits did not constitute wages for purposes of RCW 49.46, RCW 49.48, RCW 49.52, the arbitrator erred by awarding attorneys' fees under RCW 49.48.030, a statute that applies only to the recovery of a judgment for wages." Br. of Appellant at 23.

¶11 The class counters that AutoNation is asking this court to go behind the face of the award by interpreting RCW 49.48.030 and applying AutoNation's version of the facts to the case. The class contends that our review should be confined to the arbitrator's statement of the outcome in the final award, which provided, "Plaintiffs are entitled to an award of attorneys' fees pursuant to RCW 49.48.030 because they prevailed on a breach of contract claim to recover damages arising out of their employment with Defendants." CP at 45.

¶12 The superior court refused to interpret or harmonize the arbitrator's rejection of the class's statutory wage claim in the initial order with the award of attorney fees in the final order, correctly noting the limited scope of review. Finding no error on the face of the award, the superior court affirmed the award of attorney fees.

¶13 We see no reason to interpret the portion of the award in which the arbitrator found that the class failed to prove that "vacation time does not constitute wages under Washington law."[2] CP at 38. We decline to do so because this finding is immaterial to the arbitrator's award of attorney fees. The finding at issue was made in the narrow context of the class's claim for damages under various sections of Washington's minimum wage statute. The question of whether the class could recover under a statutory wage claim theory is entirely different from the characterization of an award of damages under RCW 49.48.030, where wages are broadly defined as compensation owed by reason of employment. *Bates*, 112 Wn. App. at 940.

---

[2] We note that AutoNation mischaracterizes the arbitrator's finding, which did not state that unpaid vacation time does not constitute wages. The arbitrator simply noted that in the absence of a clear judicial declaration interpreting the payment of vacation time as wages, the class failed to prove a statutory claim for wages under our minimum wage statute.

284

¶14 We now turn to RCW 49.48.030, which provides for the award of attorney fees "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him." RCW 49.48.030 is a remedial statute that must be construed liberally in favor of the employee. *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 34, 42 P.3d 1265 (2002).

¶15 Chapter 49.48 RCW does not define the term "wages." However, Washington courts have looked to the definition of this term in a related statute, RCW 49.46-.010(2), which defines "wages" broadly as "compensation due to an employee by reason of employment." In interpreting "wages" under RCW 49.48.030, this court has held that "awards for attorney fees under RCW 49.48.030 are not limited to judgments for wages or salary earned for work performed, but, rather, that attorney fees are recoverable under RCW 49.48.030 whenever a judgment is obtained for any type of compensation due by reason of employment." *Bates*, 112 Wn. App. at 940.

¶16 No Washington court has decided whether unpaid vacation benefits constitute wages under RCW 49.48.030. However, our courts have treated compensation as wages in a number of contexts requiring that the term be construed broadly. *See, e.g., Gaglidari v. Denny's Rests., Inc.*, 117 Wn.2d 426, 449-50, 815 P.2d 1362 (1991) (back pay); *Hanson v. City of Tacoma*, 105 Wn.2d 864, 719 P.2d 104 (1986) (front and back pay); *Naches Valley Sch. Dist. No. JT3 v. Cruzen*, 54 Wn. App. 388, 399, 775 P.2d 960 (1989) (sick leave cash-out); *Dautel v. Heritage Home Ctr., Inc.*, 89 Wn. App. 148, 151-53, 948 P.2d 397 (1997) (commissions). These cases support the rule that if the employee gets the money on account of having been employed, then the money is wages in the sense of "compensation by reason of employment."

¶17 *Naches Valley* is instructive here. In that case, a school district challenged the trial court's award of attorney fees to retired teachers under RCW 49.48.030 for their successful recovery of accumulated sick leave pay. The

school district argued on appeal that the attorney fee statute did not apply to a sick leave cash-out because unpaid sick leave did not constitute "wages." Noting the remedial nature of the statute, we held that "sick leave cashout represents wages under RCW 49.48.030. It constitutes an entitlement to compensation for services performed." *Naches Valley*, 54 Wn. App. at 399.

¶18 Applying this reasoning here, we conclude that unpaid vacation benefits constitute compensation due by reason of employment. Therefore, in awarding attorney fees to the class under RCW 49.48.030, the arbitrator neither adopted an erroneous rule of law nor mistakenly applied the law. AutoNation fails to establish clear error on the face of the award. In so holding, we reiterate the strong policy favoring finality of arbitration. The superior court's denial of AutoNation's motion to vacate the arbitrator's award is affirmed.

*Attorney fees for motion*

¶19 AutoNation next asserts that the superior court erred in awarding attorney fees and costs to the class for opposing AutoNation's motion to vacate the award of attorney fees. In reviewing an award of attorney fees, this court must determine whether the relevant statute provides for an award of fees. This is a question of law we review de novo. *Lindsay v. Pac. Topsoils, Inc.*, 129 Wn. App. 672, 684, 120 P.3d 102 (2005).

¶20 Here, the superior court awarded the class reasonable attorney fees and costs incurred in defending against AutoNation's motion to vacate the arbitration award, finding the class was entitled to these expenses under RCW 49.48.030 and RCW 7.04A.250(3).

¶21 RCW 7.04A.250(3) provides in pertinent part that "[o]n application of a prevailing party to a contested judicial proceeding under [the uniform arbitration act], the court may add . . . attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made." Additionally, when a

party receives an award of attorney fees under RCW 49.48.030, the party is also entitled to recover attorney fees for "all superior and appellate court proceedings" in the same matter. *Int'l Ass'n of Fire Fighters*, 146 Wn.2d at 52. Because the class prevailed on its RCW 49.48.030 claim, the superior court did not err in awarding attorney fees and costs related to defending against AutoNation's postaward motion.

*Attorney fees on appeal*

¶22 The class asks for attorney fees under RAP 18.1(a), RCW 49.48.030, and RCW 7.04A.250(3). As noted above, a party that is awarded fees in arbitration under RCW 49.48.030 may also recover fees for "all superior and appellate court proceedings" in the same matter. *Int'l Ass'n of Fire Fighters*, 146 Wn.2d at 52. A party that has prevailed in arbitration may also recover fees and expenses for postarbitration proceedings under the uniform arbitration act. RCW 7.04A.250(3). As the prevailing party under RCW 49.48.030, the class is entitled to attorney fees on appeal.

## CONCLUSION

¶23 AutoNation fails to establish clear error on the face of the award. The judgment of the superior court is affirmed.

BROWN and KORSMO, JJ., concur.

Review denied at 166 Wn.2d 1022 (2009).