FILED
COURT OF APPEALS
DIVISION II

2013 MAY 14 AM 9:01

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ALBERT FALSETTO and CHARMAINE M. FALSETTO, husband and wife, | No. 42971-3-II |
| Respondents, | |
| v. | |
| RODNEY L. NELSON and JANE DOE NELSON, husband and wife, d/b/a ROD NELSON AUTO CENTER, a Washington State sole proprietorship, | UNPUBLISHED OPINION |
| Appellants. | |

PENOYAR, J. — Rodney Nelson appeals the trial court's denial of his motion to vacate an arbitrator's decision to award attorney fees without segregating the fees for unsuccessful claims from the fees for successful claims. We affirm.

## FACTS

This case arose out of a dispute between Nelson and Albert Falsetto involving repairs to a motor home. The parties agreed to submit the dispute to contractual arbitration pursuant to chapter 7.04A RCW.

Falsetto alleged five causes of action against Nelson and his automotive repair center: violation of the Automotive Repair Act (ARA), chapter 46.71 RCW; violation of the Consumer Protection Act (CPA), chapter 19.86 RCW; breach of contract; negligent bailment; and conversion. Nelson filed a counterclaim for breach of contract.

The arbitrator concluded that Nelson violated the ARA and the CPA by having Falsetto sign a blank work order that contained neither a total amount of repair work authorized nor an estimate for the repair work. The arbitrator also found that Nelson's violation of the ARA led to

the parties' failure to realize that they had two different understandings of the terms and conditions of their oral agreement. The arbitrator found that Falsetto had paid significantly more for the project than he had expected, and that this unanticipated expense included the redoing of work Nelson had done and his failure to use or return parts Falsetto had supplied for the repairs. The arbitrator awarded Falsetto damages of $8,880.17. The arbitrator also awarded Nelson $3,048.21 for unpaid parts and labor.

In a separate decision, the arbitrator subsequently awarded Falsetto his entire fee request of $36,958. The arbitrator explained that "the noncompliance [with the ARA] was Nelson's failure to provide a written estimate. As a result of this noncompliance with the statutory requirement, all the remaining issues arose." Clerk's Papers (CP) at 32. The arbitrator added:

> The only cause of action that [Falsetto] raised as a result of [Nelson's] violation of the ARA on which [he] did not receive a damage award was the claim of conversion and loss of use/enjoyment. In reviewing the billing presented, I can not [sic] determine any specific entry or amount being billed on that issue.

CP at 33.

After the arbitrator denied Nelson's request to reconsider the fee award, Nelson moved to vacate the award in superior court, arguing that the arbitrator exceeded his powers in granting Falsetto's entire fee request. The court denied the motion and subsequently granted Falsetto's petition to confirm the arbitration award and for judgment on the award. The superior court also awarded Falsetto post-arbitration attorney fees.

Nelson appeals and argues that the arbitrator's decision on fees should be vacated because the arbitrator erred in awarding attorney fees for unsuccessful claims.

## ANALYSIS

Washington public policy strongly favors the finality of arbitration awards. *S&S Constr., Inc. v. ADC Props., LLC*, 151 Wn. App. 247, 254, 211 P.3d 415 (2009). Our review of the arbitrator's decision is limited to that of the court which confirmed the award. *Cummings v. Budget Tank Removal & Envtl. Servs.*, 163 Wn. App. 379, 388, 260 P.3d 220 (2011). The trial court's review is limited to determining whether any of the statutory grounds for vacation exist. *Cummings*, 163 Wn. App. at 388. The burden of showing that statutory grounds for vacating an arbitration award exist is on the party seeking to vacate the award. *Pegasus Constr. Corp. v. Turner Constr. Co.*, 84 Wn. App. 744, 748, 929 P.2d 1200 (1997).

One of the statutory grounds for vacating an award exists when the arbitrator has "exceeded [his] powers." *Cummings*, 163 Wn. App. at 388 (quoting RCW 7.04A.230(1)(d)). This ground for vacation is available only if the alleged error appears on the face of the award. *Davidson v. Hensen*, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998); *Cummings*, 163 Wn. App. at 389. The facial legal error standard is a very narrow ground for vacating an arbitration award. *Broom v. Morgan Stanley DW Inc.*, 169 Wn.2d 231, 239, 236 P.3d 182 (2010). Nelson contends that the arbitrator's failure to segregate the fees and to award fees only for Falsetto's successful ARA and CPA claims constitutes facial legal error that justifies vacating the fee award.

A trial court may require a plaintiff to segregate its attorney fees between successful and unsuccessful claims. *Kastanis v. Educ. Empls. Credit Union*, 122 Wn.2d 483, 501, 859 P.2d 26 (1994); *Bloor v. Fritz*, 143 Wn. App. 718, 747, 180 P.3d 805 (2008). If the claims are unrelated, the court should award only the fees reasonably attributed to the recovery. *Kastanis*, 122 Wn.2d at 502; *see also Winans v. W.A.S., Inc.*, 52 Wn. App. 89, 101, 758 P.2d 503 (1988) (court should

not award fees incurred in pursuing an unsuccessful claim), *affirmed on other grounds, Winans v. W.A.S., Inc.*, 112 Wn.2d 529, 772 P.2d 1001 (1989).

A trial court is not required to segregate fees where the prevailing claims relate to the same fact pattern but allege different bases for recovery. *Ethridge v. Hwang*, 105 Wn. App. 447, 461, 20 P.3d 958 (2001). Nor is the court required to segregate fees if it determines that the various claims are so related that no reasonable segregation of successful and unsuccessful claims can be made. *Boguch v. Landover Corp.*, 153 Wn. App. 595, 620, 224 P.3d 795 (2009). As the United States Supreme Court has explained,

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

*Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), *quoted in Chuong Van Pham v. City of Seattle*, 159 Wn.2d 527, 548 n.7, 151 P.3d 976 (2007).

The arbitrator stated that all of Nelson's claims arose from the same set of facts; i.e., Nelson's failure to provide a written estimate for the repair work to the motor home. Based on this observation, the arbitrator declined to segregate the fee award. There is nothing on the face of the fee award that undermines the arbitrator's observation, and Nelson's claim of facial legal error fails.

Falsetto requests attorney fees and costs on appeal. A party who has prevailed in arbitration may recover fees and expenses for post-arbitration proceedings under RCW 7.04A.250(3). *McGinnity v. AutoNation, Inc.*, 149 Wn. App. 277, 286, 202 P.3d 1009 (2009). The ARA and the CPA also provide for an award of attorney fees on appeal. *Kyle v. Williams,*

42971-3-II

139 Wn. App. 348, 358, 161 P.3d 1036 (2007); *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 157, 803 P.2d 10 (1991). We award attorney fees under these provisions, subject to Falsetto's compliance with RAP 18.1. Falsetto is also entitled to costs subject to his compliance with RAP 14.4.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Worswick, C.J.

_____
Bjorgen, J.

5