# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

WILLIAM SORNSIN, an individual,　)
MARC T. BECK, an individual,　)　No. 78278-9-I
ROBERT GOREE, an individual,　)
AARTI VARMA, an individual, EVAN　)　DIVISION ONE
W. LEWIS, an individual, BENJAMIN　)
G. JOLDERSMA, an individual,　)
BRIAN N. KU, an individual,　)　PUBLISHED OPINION
DAMIEN JOLDERSMA, an individual,　)
DONALD J. CLORE, an individual,　)
JOSEPH C. WRIGHT, an individual,　)
　)
　　　Appellants,　)
　)
　　v.　)
　)
SCOUT MEDIA, INC., a Delaware　)
corporation, CRAIG and JANE DOE　)
MALLITZ, and their marital community,　)
CRAIG AMAZEEN, an individual, JOE　)
and JANE DOE ROBINSON, and　)
their marital community; TAMMER and　)
JANE DOE FAHMY, and their marital　)
community, PILOT GROUP GP, LLC,　)
a Delaware corporation, and JANE　)
and JOHN DOES 1 through 8,　)
　)
　　　Respondents.　)　FILED: October 14, 2019
_____　)

LEACH, J. — Ten former employees of Scout Media Inc. appeal the trial

court's summary dismissal of their failure to pay wages claim. They claim an

affirmative statutory entitlement to payment for accrued paid time off (PTO) that

they did not use before they voluntarily quit. Because they have no statutory right to payment and do not claim a contractual right, we affirm.

FACTS

On July 10, 2016, many members of the technology team of Scout Media Inc., including appellants, resigned at the same time without prior notice. The parties agree that Scout Media paid appellants all salary earned as of their date of resignation and did not pay appellants for their accrued and unused PTO. Scout's employee manual addresses "PTO Pay Upon Termination." It states, in relevant part, "Employees will be paid out 70% of PTO they have accrued at employment end. . . . Scout reserves the right to withhold any and all PTO time if an employee neglects to give a two week notice of termination regardless of position or length of service."

In early December 2016, Scout Media filed Chapter 11 bankruptcy proceedings.[1] Later that month, appellants filed a lawsuit against Scout Media, Scout Media's former president and former directors, and Pilot Group GP LLC, a former investor in Scout Media's parent company (together Scout), claiming failure to pay wages and unjust enrichment. Appellants later dismissed their claim of unjust enrichment and their claim against Pilot Group. Both parties filed

---

[1] Title 11 U.S.C.

motions for summary judgment. The court denied appellants' motion and granted Scout's motion. Appellants appeal.

## STANDARD OF REVIEW

This court reviews an order granting summary judgment de novo and performs the same inquiry as the trial court.[2] It considers all facts and reasonable inferences in the light most favorable to the nonmoving party.[3] And it affirms summary judgment only when the evidence presented demonstrates no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4]

## ANALYSIS

Appellants make three claims: (1) they have an affirmative statutory right to payment of their accrued PTO, (2) the individual respondents are liable to them for the balance of their accrued PTO and for double damages because Scout's board of directors instructed Scout not to pay them for their accrued PTO, and (3) they are entitled to prejudgment interest on their unpaid PTO. We disagree.

Appellants assert that they have an affirmative statutory entitlement to payment for their accrued PTO because hours worked determines the amount of

---

[2] Mohr v. Grant, 153 Wn.2d 812, 821, 108 P.3d 768 (2005).
[3] Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).
[4] Steinbach, 98 Wn.2d at 437.

accrued PTO, placing PTO within the definition of "wages" under former RCW 49.46.010(2) (2011). Scout responds that an employee's right to PTO is only contractual.

Appellants rely on cases where Washington courts have looked to former RCW 49.46.010(2)'s definition of "wages" to define "wages" in other statutory provisions.[5] RCW 49.46.010(7), formerly RCW 49.46.010(2),[6] defines "wages" as "compensation due to an employee by reason of employment." Appellants assert that McGinnity v. AutoNation, Inc.[7] shows that unpaid vacation benefits are wages under this definition and Naches Valley School District No. JT3 v. Cruzen[8] shows that a sick leave cash-out represents wages. These cases do not establish an affirmative statutory entitlement to payment for accrued PTO for two reasons.

First, each case examined whether the contested benefit was "wages" within the meaning of RCW 49.48.030, a fee shifting statute allowing an employee to recover attorney fees in any action in which the employee successfully recovers wages or salary owed to him.[9] RCW 49.48.030 is a

---

[5] McGinnity v. AutoNation, 149 Wn. App. 277, 284, 202 P.3d 1009 (2009).
[6] In 2013, the legislature amended the statute and moved the definition of "wages" from subsection (2) to subsection (7). LAWS OF 2013, ch. 141, § 1.
[7] 149 Wn. App. 277, 285, 202 P.3d 1009 (2009).
[8] 54 Wn. App. 388, 398-99, 775 P.2d 960 (1989).
[9] McGinnity, 149 Wn. App. at 284-85; Cruzen, 54 Wn. App. at 399.

remedial statute that must be construed liberally in favor of the employee.[10] McGinnity's and Cruzen's characterization of unpaid vacation and sick leave as wages is specific to this remedial attorney fees statute. It is not at issue here.

Second, the contested benefits were contractual, not statutory. In McGinnity, plaintiffs prevailed on their breach of contract claim for loss of vacation benefits.[11] And in Cruzen, the language of the collective bargaining agreement (CBA) at issue required that the school district pay teachers for their sick leave accrued for the contract period.[12] Neither case involved failure to pay a statutorily required amount, like a minimum wage or overtime.

Next, appellants note a statement in Hisle v. Todd Pacific Shipyards Corp.[13] that RCW 49.46.010(7)'s definition of "wages" includes payments that are "tied to hours worked." But our Supreme Court cited former RCW 49.46.010(2)'s definition of "wages" only as context to explain that the Washington Minimum Wage Act (MWA)[14] prohibits employees and employers from bargaining collectively to establish wages or other conditions less than the statutory minimum but does not otherwise restrict their freedom to bargain.[15] The court ultimately held that the CBA provision for a retroactive payment, tied to hours

---

[10] McGinnity, 149 Wn. App. at 284.
[11] McGinnity, 149 Wn. App. at 281.
[12] Cruzen, 54 Wn. App. at 396.
[13] 151 Wn.2d 853, 868, 93 P.3d 108 (2004).
[14] Ch. 49.46 RCW.
[15] Hisle, 151 Wn.2d at 861.

worked, was subject to the overtime provisions of the MWA.[16]  Hisle does not concern accrued PTO or a statutory right to PTO.  Instead, it involves a contractual wage entitlement to which the MWA applied.  Appellants neither claim a contractual right to payment of their PTO nor claim a statutory right based on a specific statutory guaranty like the MWA's overtime provision.

Appellants cite no case, treatise, or other authority directly supporting their claim that they have an affirmative statutory entitlement to payment for their accrued PTO.

Scout claims that an employee's right to payment for accrued PTO is only contractual and additionally asserts that Scout's manual is a contract that establishes appellants' PTO rights.  First, Scout relies on Walters v. Center Electric, Inc.,[17] in which Walters claimed that he had a right to vacation pay in lieu of vacation time.  In rejecting this argument, Division Two stated, "The amount of vacation time to which an employee is entitled is determined by the terms of the employment contract. . . . There is nothing in Mr. Walters' contract of employment which expressly grants the right to extra compensation."[18]  Second, Scout cites Teamsters, Local 117 v. Northwest Beverages, Inc.,[19] in which this court stated that the collective bargaining agreement did not provide for a cash-

---

[16] Hisle, 151 Wn.2d at 862-63.
[17] 8 Wn. App. 322, 326, 506 P.2d 883 (1973).
[18] Walters, 8 Wn. App. at 326-27.
[19] 95 Wn. App. 767, 768, 976 P.2d 1262 (1999).

out of accrued but unused sick leave. And "[n]o statute, ordinance, or any source directs this employer to cash out accrued but unused sick leave."[20] This court reasoned, "Cruzen does not support a conclusion that sick leave is a form of wages when the CBA does not have a cashout provision." "[A]ccrued sick leave is a contingent benefit that does not constitute wages under this statute unless it is so defined by another source."[21] Appellants cite no authority to counter the proposition that in Washington an employee's right to payment for accrued PTO is only contractual.

Although appellants claim that the manual is not a contract, they do not identify any other contract providing them with PTO payment rights. And they assert that the manual's PTO pay-upon-termination policy conflicts with Washington wage law because it limits payment to 70 percent of an employee's accrued PTO and conditions payment on the employee giving two weeks' notice of his termination. This argument conflicts with the Washington State Department of Labor & Industries (DLI) guidance on workplace rights. The DLI advises,

> Paid vacation, holiday, and severance pay are considered voluntary benefits that a business may choose to offer workers. Washington State law does not require a business to provide these benefits. Even though there is no state law requiring a business to pay these benefits upon termination, if the business promises workers these

---

[20] Nw. Beverages, 95 Wn. App. at 768.
[21] Nw. Beverages, 95 Wn. App. at 768-69.

benefits and does not follow through, workers can contact an attorney or file in small claims court for their unpaid benefits.[22]

In addition, Scout cites two cases from other jurisdictions to persuade this court that an employer may condition payment of accrued benefits on conditions precedent. In Chipman v. Northwest Healthcare Corp., Applied Health Services, Inc.,[23] the Supreme Court of Montana stated, "The right to earn compensation for personal time may be subject to reasonable restrictions and conditions precedent." And in Lee v. Fresenius Medical Care, Inc.,[24] the Supreme Court of Minnesota stated, "[E]mployers are permitted to set conditions that employees must meet in order to exercise their earned right to vacation time with pay[, including] the right to accrued vacation 'wages,' whether in the form of actual paid time off or payment in lieu of paid time off." Scout's appellate counsel stated during oral argument that he is unaware of any in-state or out-of-state authority prohibiting an employer from conditioning payment for accrued PTO. Appellants have not cited any. And appellants did not comply with the manual's requirement that employees provide two weeks' notice of termination to receive 70 percent of their accrued PTO.

---

[22] Washington State Department of Labor & Industries https://www.lni.wa.gov/WorkplaceRights/Wages/PayReq/FinalPay/default.asp. (last visited Oct. 7, 2019).
[23] 2014 MT 15, ¶ 22, 373 Mont. 360, 317 P.3d 182.
[24] 741 N.W.2d 117, 126 (2007).

Because appellants do not show that they have an affirmative statutory entitlement to payment for their accrued PTO, we need not review their claims of respondents' derivative liability and their entitlement to prejudgment interest.

CONCLUSION

We affirm.

WE CONCUR: